For plaintiff: Robert M. Dannin, Esq.

For defendant: John H. Nolan, Esq.

Alonzo E. Williamson, et ux.
vs. } No. 86179.
Jesse Tavares, Jr.

February 17, 1932.

CAPOTOSTO, J. In an action for seduction, the jury returned a verdict of $3,000 in favor of the plaintiff. The defendant moves for a new trial and stresses the claim that, if there is liability, the damages are grossly excessive.

The plaintiff in this case was 16 years of age on June 2, 1930. The defendant was about 19 years old. The offense is said to have taken place in the late afternoon or early evening of December 25, 1930.

The details present a case of youthful indiscretion made possible by parental indulgence and indifference. Upon the question of liability the jury could reasonably find as it did. The question of damages deserves serious consideration.

For the sake of the girl herself, this Court will refrain from any specific analysis of the testimony. Counsel for the plaintiff feels quite bitter against the defendant for his conduct towards "a sixteen year girl—a mere child."

The defendant was undoubtedly wrong and should bear the consequences of his own indiscreet conduct, but of his own indiscretion and none other. The girl was young in years, to be sure, but yet she possessed the sophistication which follows doubtful and morally unhealthy social contacts. Her conduct throughout was not that of simple trusting innocence but rather the behavior of an amorous disposition, looking for the so-called "thrill" that unfortunately is at times now sought in one form or another by thoughtless and disorientated individuals. Her claim of absolute chastity previous to and at the time of the occurrence in question does not square up with her accusation of a third party as the cause of her physical embarrassment. She says that in this particular instance she did not tell the truth and that her purpose in making this charge was to have the accused person marry her. This does not ring true, especially in this prosaic age when the average individual no longer believes in miracles. Her letter to a girl "pal," Defendant's Exhibit A, which she admits having written, reveals quite an indictment of herself. Counsel tried hard to minimize the force of this letter by saying that it is the writing of an innocent child driven to the point of distraction.

Taking all the evidence into consideration, it undoubtedly is the product

of a seriously disturbed mind, but it is not the writing of violated innocence. It is, rather, an attempt at worldly self-preservation founded on deception, and nothing more.

The parents of the girl are not blameless. Their conduct is marked by negligent indifference, both as to their daughter's associates and her activities. The picture presented by this case is most depressing. The Court finds comfort in the fact that the vast majority of our homes are blessed by wholesome environment and parental solicitude.

The defendant is deserving of condemnation and punishment, but he should not suffer the consequences of conditions created by others. The jury's verdict on the question of damages is unjust. If the plaintiff, within five days, remits all damages over and above $750, the defendant's motion for a new trial is denied, otherwise it is granted both as to liability and damages.

For plaintiff: Morgan & Morgan.

For defendant: Gardner, Moss & Haslam.